```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
FRANK H. FINKEL, JOSEPH A. FERRARA, SR.,
LYNN MOUREY, THOMAS N. PIALI,                            REPORT AND
MARC HERBST, GARY LA BARBERA,                            RECOMMENDATION
THOMAS GESUALDI, LAWRENCE KUDLA,                         CV 07-1366 (DRH) (WDW)
LOUIS BISIGNANO, and ANTHONY PIROZZI
as Trustees and Fiduciaries of the Local 282 Welfare
Trust Fund, the Local 282 Pension Trust Fund and
the Local 282 Annuity Trust Fund,

                                    Plaintiff(s),

            -against-

DAVID LIEPPER & SONS, INC. and
D.A.G. FLOORS, INC.,
                                    Defendant(s).
----------------------------------------------------------------X
```

**WILLIAM D. WALL, United States Magistrate Judge:**

By order dated October 28, 2008, Judge Hurley temporarily granted in part and denied in part the plaintiffs' motion for a default judgment and referred the determination of damages to the undersigned for a report and recommendation. The undersigned recommends that the plaintiffs be awarded the amounts set forth in the plaintiffs' Proposed Default Judgment DE[14] for the audit period ending September 24, 2003, and that the defendants be ordered to submit to an audit for the period September 25, 2003 through October 31, 2005. If the defendants fail to submit to such audit, they should be ordered to pay the estimated amounts for that period set out in the Proposed Default Judgment at page 2. The plaintiffs should also be awarded attorney's fees in the amount of $10,997.50 and costs in the amount of $1000.50. The defendants, David Liepper & Sons, Inc. and DAG Floors, Inc., should be found to be jointly and severally liable for the judgment.

**BACKGROUND**

The plaintiffs initiated this action pursuant to ERISA 502(g)(2)[29 U.S.C. §1132(g)(2)] on April 2, 2007. An amended complaint was filed on February 5, 2008. The defendants did not answer. On September 30, the plaintiffs filed a motion for a default judgment. DE[10]. On October 1, 2008, the Clerk of the Court entered a certificate of default, and on October 28, as noted *supra*, Judge Hurley temporarily granted in part and denied in part the plaintiffs' motion for a default judgment and referred the determination of damages to the undersigned for a report and recommendation. The defendants have not appeared and have not entered opposition to the motion.

In this action, the plaintiff Trustees seek, as money damages, delinquent contributions, interest, liquidated damages, costs and attorneys' fees, and an order directing the defendants to submit to an audit for the period September 25, 2003 through October 31, 2005 or to pay the estimated amounts for that period.

**DISCUSSION**

A default constitutes an admission of all well-pleaded factual allegations in the complaint, except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.,* 973 F.2d 155, 158 (2d Cir.), *cert. denied,* 506 U.S. 1080 (1993). A default also "effectively constitutes an admission that the damages were proximately caused by the defaulting party's conduct: that is, the acts pleaded in a complaint violated the laws upon which a claim is based and caused injuries as alleged." *Cablevision Sys. New York City Corp. v. Abramov,* 980 F. Supp. 107, 111 (E.D.N.Y. 1997). The movant need only prove that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound,* 973 F.2d at

159. An evidentiary hearing is not required so long as there is a basis for the damages awarded. *Transatlantic Marine Claims Agency v. Ace Shipping Corp.,* 109 F.3d 105, 111 (2d Cir. 1997)(citations omitted). Detailed affidavits and other documentary evidence provide this basis. *Action S.A. v. Marc Rich & Co.,* 951 F.2d 504, 508 (2d Cir. 1991). Here, the plaintiffs have submitted such evidence.

Delinquent Contributions and Audit Fees

The defendants were parties to and bound by collective bargaining agreements with Local 282. Pursuant to those CBAs, they agreed to be bound by a Trust Agreement, pursuant to which they were obligated to pay contributions to the Funds on behalf of employees covered by the agreements. Maye Decl., DE[11] at ¶3, Ex. A. Both ERISA and the relevant Trust Agreement provide for the payment of delinquent fees, plus interest, liquidated damages, costs and attorneys' fees, and the Trust Agreement provides for payment of audit fees. The defendants submitted to an audit for the period August 29, 2002 to September 24, 2003, which showed that they owed $3707.23 in contributions and $625.25 in audit fees. *Id.* The defendants failed to pay full benefit contributions for the months of June and July 2004 and October 2005, resulting in a discrepancy of $523.16. *Id.* at ¶15. They were notified of the delinquent contributions and the interest owing on them. The defendants were late with their contributions for the months of September and October 2004 and May and August 2005, and were notified of the interest that they owed on those late payments. *Id.* at ¶16. They also cancelled an audit, resulting in audit fees of $220 and were notified of their liability for that cost. *Id.* at ¶13. In the Maye Declaration (DE[11]) and Proposed Default Judgment (DE[14]) at pages 1-2, the plaintiffs set forth the exact amounts found owing on the delinquent and late contributions, along with the interest due on those

3

amounts and the audit fees, and they are entitled to those amounts.

Interest

In addition to delinquent contributions, the plaintiffs are entitled to interest on the unpaid contributions pursuant to 29 U.S.C.§1132(g)(2)(b).  As to the interest sought by the plaintiffs, the undersigned notes that pursuant to the Trust Agreement, the interest prior to November 1, 2003 is at the rate set forth in New York's General Obligations Law, which has been the subject of judicial controversy.  The plaintiffs take the position that the applicable rate is 16%, but the undersigned and some district judges have, in the past, taken the position that the applicable rate is not 16%, but 6%.  *See, e.g., LaBarbera v. Ferreira Bros. Contracting Co.,* CV 04-5709 (DRH)(WDW); *LaBarbera v. Italco Contracting, Inc.,* CV 04-2189 (DRH)(WDW).  Since those decisions, however, the Second Circuit has issued a Summary Order addressing the issue, and finding that the applicable rate was 16%.  *See LaBarbera v. Morrison,* CV 04-5927/04-5928 (2d Cir. July 20, 2006).  Although this ruling is in a Summary Order that cannot be cited as precedential authority by attorneys, this court must recognize and respect the Second Circuit's reasoning.  Thus, the rate of 16% will be applied for the period before November 1, 2003.  *See Finkel v. Closter Dock Steel Corp., Inc.,* CV 05-3090 (DRH)(WDW), DE[15] (E.D.N.Y. Feb. 12, 2007); *and see LaBarbera v.  A.F.C. Enterprises , Inc.*, 402 F. Supp. 2d 474 (S.D.N.Y. 2005) and cases cited therein.  The post-November 1, 2003 interest rate is set forth in the Trust Agreement as 1½% per month, and the court will apply that rate as well.  Maye Decl., DE[11], at ¶11. Accepting these rates, the undesigned finds that the plaintiffs are entitled to the interest amounts sought, as set forth in the Proposed Default Judgment.

Estimated Damages and Interest

The plaintiffs also seek damages arising from delinquent contributions that they estimated after the defendants refused to submit to an audit for the period September 2003 through October 2005, pursuant to a formula set forth in the Trust Agreement. *Id.* at ¶¶23-28. Using that formula, the plaintiffs calculated that the defendants owed $36,827.35 in contributions, $350 in a cancelled audit fee, and $26,792.12 in interest through September 26, 2008. *Id.* at ¶27. The undersigned finds that they are entitled to those amounts if the defendants do not submit to an audit for that period to ascertain the precise amounts owed. In that regard, the defendants should be ordered to submit to an audit for the period September 2003 through October 2005, and, if they fail to do so, to pay the estimated amounts.

Withdrawal Liability

The plaintiffs also seek a money judgment on the defendants' "withdrawal liability." Mr. Maye, the Administrator of the Funds, reports that on or about October 2005, the defendants ceased all contributions to the Pension Fund, and that such cessation constituted a "complete withdrawal" under 29 U.S.C. §1383(a). Maye Decl., DE[11] at ¶29. Under 29 U.S.C. §1381, the defendants thus became obligated to pay withdrawal liability to the Fund for its proportionate share of the Pension Fund's unfunded vested benefits. The Pension Fund calculated that share to be $4,375.00, none of which has been paid, despite notice to the defendants, and the plaintiffs are entitled to judgment on that amount. *Id.* at ¶¶29-30. The plaintiffs are also entitled to interest on the withdrawal amount from April 1, 2007, the date that the plaintiffs notified the defendants of their delinquency, to the date judgment is entered. *Id.* at ¶34. They have calculated the interest, at a rate of $0.66 per day, to be $437.49 up to September 27, 2008.

Liquidated Damages

ERISA allows an award of liquidated damages on delinquent and estimated contributions at a rate equal to the greater of the amount of interest owing or 20% of the unpaid amounts. Here, the plaintiffs are entitled to the amount equal to the interest, and the undersigned recommends that award. *Id.* at ¶35 (citing 29 U.S.C. §§1132(g)(2) and 1451(b)).

Attorneys' Fees

ERISA and the Trust Agreement also provide for the payment of reasonable attorneys' fees and costs, and the plaintiffs seek $10,997.50 in fees and $1000.50 in costs. *See* Rasalingam Decl., 29 U.S.C. §1132(g)(2), and the Trust Agreement. While the hourly rates sought are somewhat high, the court finds the fees to be reasonable and recommends that the plaintiffs be awarded the fees sought. The plaintiffs are also entitled to costs in the amount of $1000.50, as set forth in the Rasalingam Declaration and Ex. F thereto.

Joint and Several Liability

The plaintiffs argue that the two defendants should be found jointly and severally liable for the amounts owed, and the undersigned agrees.

**OBJECTIONS**

A copy of this Report and Recommendation is being sent to counsel for the plaintiffs by electronic filing on the date below. Plaintiff's counsel is directed to serve a copy of this Report on the defendants and to electronically file proof of service with the court. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 10 days. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. §636 (b) (1); Fed. R. Civ. P. 72; *Beverly v.*

*Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
February 11, 2009

 s/ William D. Wall
WILLIAM D. WALL
United States Magistrate Judge