UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
FRANK H. FINKEL, et al.,

                Plaintiffs                               **ORDER**
                                                            Civil Action No. 07-1366
                                                            (DRH) (WDW)

            -against-

DAVID LIEPPER & SONS, INC. and
D.A.G. FLOORS, INC.
                         Defendants.
----------------------------------------------------------------X

**HURLEY, Senior District Judge:**

      By Order dated October 28, 2008, this Court granted a default judgment against the defendants and referred this matter to U.S. Magistrate Judge William D. Wall, pursuant to 28 U.S.C. § 636(b)(3), for a report and recommendation as to damages, costs and attorney's fees. On February 11, 2009, Judge Wall issued a Report and Recommendation that (1) plaintiffs be awarded $30,052.46 for the audit period ending September 24, 2003; (2) an order be entered allowing plaintiffs to audit defendant's books for the period September 25, 2003 through October 31, 2005 and if defendants fail to submit to such an audit, they should be ordered to pay for that period $36,827.35 in contributions, $350 in a cancelled fee audit and $26,792.12 in interest through September 26, 2008; (3) plaintiffs be awarded attorney's fees in the amount of $10,997.50 and costs in the amount of $1000.50.  On February 12, 2008, defendants were served with a copy of the Report and Recommendation.  More than ten days have elapsed since service of the  Report and Recommendation, and neither party has filed any objections to it.

      Pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72, this Court has reviewed the Report and Recommendation for clear error, and finding none, now concurs in both its reasoning and its

result and the Court adopts the February 11, 2009 Report and Recommendation of Judge Wall as if set forth herein. Accordingly,

IT IS HEREBY ORDERED that plaintiffs recover of defendants, jointly and severally, the amount of $30,052.46 consisting of the following:

(a) $3,707.23 in unpaid contribution for period ending September 24, 2003;

(b) $625.25 for audit fee for period ending September 24, 2003;

(c) $3,298.28 in interest (calculated to 9/26/08) on unpaid contributions to September 24, 2003;

(d) $3,298.28 in liquidated damages on unpaid contributions to September 24, 2003;

(e) $523.16 in unpaid contribution for June 2004, July 2004 and October 2005;

(f) $304.27 in interest on unpaid contribution for June 2004, July 2004 and October 2005;

(g) $304.27 in liquidated damages on unpaid contributions for June 2004, July 2004 and October 2005;

(h) $86.23 in interest on late contributions for the months of September 2004, October 2004, May 2005 and August 2005;

(i) $220.00 audit cancellation fee;

(j) $4,375.00 unpaid withdrawal liability;

(k) $437.49 interest on unpaid withdrawal liability, calculated to September 26, 2008, plus $0.66 per day thereafter;

(l) $875.00 in liquidated damages on unpaid withdrawal liability;

(m) $10,997.50 in attorneys' fees; and

(n) $1,000.50 in costs.

IT IS FURTHER ORDERED that within thirty (30) days of service of this Order upon them, defendants shall permit and cooperate in the conduct of an audit by the plaintiffs of defendants' books and records for the period September 25, 2003 through October 31, 2005. In the event defendants fail to submit to such audit, upon plaintiff serving and filing an affidavit to that affect, plaintiffs shall be entitled to recover an additional $90,761.59 (consisting of unpaid contribution for said period in the amount of $36,827.35; audit fee in the amount of $350.00; interest on unpaid contributions in the amount of $26,792.12; and liquidated damages in the amount of $26,792.12) and have judgment therefor against defendants, jointly and severally. In the event defendants submit to an audit, plaintiffs shall file an affidavit setting forth the result of said audit within thirty (30) days of the completion of the audit.

Entry of judgment shall await the Court's receipt of the above referenced affidavit.

**SO ORDERED.**

Dated: Central Islip, N.Y.
      March 4, 2009

/s/
Denis R. Hurley,
United States District Judge